UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-2-FDW

| | |
|---|---|
| EDDIE LEVORD TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| THOMAS K. MAHER, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

**I.     BACKGROUND**

On January 27, 2012, pro se Plaintiff Eddie Levord Taylor was convicted in Mecklenburg County Superior Court on several felonies and sentenced as a habitual felon. Plaintiff was sentenced to two concurrent terms of 146-185 months in prison. Plaintiff appealed, and on April 2, 2013, the North Carolina Court of Appeals filed an unpublished opinion finding no error. See State v. Taylor, 741 S.E.2d 512, 2013 WL 1315857 (N.C. Ct. App. 2013) (unpublished table decision). Plaintiff is currently incarcerated at Caledonia Correctional Institution in Tillery, North Carolina.

Plaintiff this action on January 4, 2016, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) Peter Powell, identified as "Legal and Legislative Administrator, North Carolina Administrative Office of the Court"; (2) Thomas K. Maher, identified as "Executive Director, Office of Indigent Defense Service"; (3) Martha Curran, identified as "Clerk of Court, Mecklenburg County"; (4) Kevin P. Tolly, identified as "Public

1

Defender, Public Defender Office"; and (4) Jennifer Coulter, identified as "Attorney at Law." Plaintiff alleges that certain procedural aspects of his case were unconstitutional. Plaintiff summarizes his claims against Defendants as follows: "Plaintiff was seized and erroneously and maliciously prosecuted using [Defendants'] forged fraudulent documents/forms in which deprived Plaintiff of any and all rights to due process or any process or process of service protected by the United States Constitution Amendment IV, V, VI, XIII, and XIV dealing with equal protection of the law." (Doc. No. 1 at 5). As relief, Plaintiff seeks either reversal of his conviction or a reduction in his sentence. See (Id. at 9). Plaintiff filed a similar action in this Court on March 25, 2014, naming some of the same Defendants in that action, and on April 4, 2014, this Court dismissed that action without prejudice as barred by Heck v. Humphrey, 512 U.S. 477 (1994). See Taylor v. Boner, Civ. No. 3:14cv131-FDW, (W.D.N.C.). Plaintiff also filed a habeas action in this Court on February 19, 2014, pursuant to 28 U.S.C. § 2254, and on August 15, 2014, the Court denied his habeas petition. See Taylor v. Daniels, Civ. No. 3:14cv79-FDW (W.D.N.C.). On May 22, 2015, in an unpublished opinion, the Fourth Circuit Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction because the notice of appeal was not timely filed. See (Id., Doc. No. 32).

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be

2

granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.　DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in his Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Plaintiff has not alleged, however, that his underlying conviction has been reversed or otherwise

invalidated. Indeed, he has alleged that his conviction has not been reversed. Therefore, his claims are barred by Heck.[1]

IV. **CONCLUSION**

In sum, for the reasons stated above, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

2. This action is **DISMISSED** without prejudice.

3. The Clerk is directed to close this case.

*[signature]*

Frank D. Whitney
Chief United States District Judge

---

[1] In addition to the fact that Plaintiff's claims are Heck-barred, some of the named Defendants are subject to dismissal in any event on various grounds of immunity, or because they are not persons subject to suit in a Section 1983 claim.